**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

EUGENE HAROLD McALLISTER,

        Petitioner,

v.                                  Civil No. 00-599 BB/WWD

LAWRENCE TAFOYA, et al.,

        Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
**Proposed Findings**

    1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed June 2, 2000, **[docket # 10]**.  Petitioner is proceeding *pro se* and *in forma pauperis* in his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is currently confined pursuant to the judgment, sentence and commitment of the Second Judicial District Court, County of Bernalillo, State of New Mexico, for the crime of residential burglary.  Based on two prior felony convictions, Petitioner was sentenced pursuant to the state's habitual offender statute. Ans., Ex. A, at 2.  He previously served a sentence in Valencia County for commercial burglary and larceny.  Ans., Ex. G.

    2.  Petitioner asserts two grounds for relief:[1]

(1)  that his due process rights were violated in a denial of presentence confinement credit; and

(2)  that his due process rights were violated on a claimed violation of NMRA 2000, Rule

———————————

    [1]  Although Petitioner lists four grounds for relief in his petition, Pet. at 5-6, the issues overlap into two issues.

5-604, because he did not receive a preliminary hearing when he was arrested and charged, and thus was entitled to additional presentence confinement credit.

3.  Respondents move to dismiss on the basis that these claims involve applications of state law and thus are cognizable in federal habeas review.

4.  Petitioner was arrested in Bernalillo County on January 26, 1996.  There was an outstanding arrest warrant from Valencia County for failure to appear for arraignment on charges there, so he was transferred  to Valencia County at that time. He pled guilty to those charges, and was sentenced to four years in the state penitentiary.  Ans., Ex. G.

5.  On July 1, 1996, while he was still serving his sentence on the Valencia County conviction, Petitioner was charged in Bernalillo County on the Bernalillo County charges, to which he pled guilty.  Ans., Ex. H.   He was sentenced on May 7, 1997.  At the time he pled guilty to the Bernalillo County charges, he was awarded 285 days of presentence confinement credit, which represents the time between his indictment on the Bernalillo County charges and the sentencing on those charges (i.e., from July 1, 1996 until May 7, 1997.  Ans., Ex. K at 3.

**First Ground - Presentence Confinement Credit**

6.  Petitioner alleges that he should have received a total of 451 days of presentence confinement credit, instead of the 285 days he received.  Specifically, he argues that he was entitled to credit between January 26, 1996 and July 1, 1996, the time from his arrest on the Bernalillo County charges and his indictment on those charges.  The allegation is without merit for several reasons.

7.  As Respondents point out, the claim is not cognizable because it involves an application of state law.  Federal habeas corpus review is limited to federal constitutional or

statutory law.  See Lujan v. Tansy, 2 F.3d 1031, 1034 (10th Cir. 1993), cert denied sub nom.

Lujan v. Thomas, 510 U.S. 1120 (1994).

   8.  Even if the claim were subject to review, I find no due process violation or suggestion

of fundamental unfairness of any kind.  See Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990)

(petitioner must demonstrate that alleged error is so prejudicial so as to render the entire

proceeding fundamentally unfair).

   9.  Under the applicable state statute, Petitioner is not entitled to more than the 285 days

of presentence confinement credit.  NMSA 1978 § 31-20-12.[2]  In fact, because Petitioner's

pretrial confinement until July 1, 1996 was not a result of the Bernalillo County charges, but

rather the Valencia County charges, he is not entitled to any credit during that time.  See State v.

Facteau, 109 N.M. 748, 750 (1990) (defendant not entitled to presentence confinement credit

against his sentence for escape from penitentiary where his pretrial confinement was not direct

result of escape, but of unfulfilled sentence for burglary); State v. Oronoa, 98 N.M. 668, 670

(Ct.App. 1982) (where actual confinement was unrelated to charge, trial court was correct in

denying defendant's motion for presentence confinement credit).

   10. Moreover, the state court addressed this issue when it was raised in Petitioner's state

habeas petition.  Ans., Ex. N.  The court stated that after January 26, 1996, Petitioner was in

confinement

   "in connection w/ violation of parole (&/or probation ) in Defendant's prior Valencia
   County conviction – not the present Residential Burglary [the Bernalillo County charge]

---

   [2]  The statute provides in part that "[a] person held in official confinement on suspicion or
charges of the commission of a felony shall, upon conviction of that or a lesser included offense,
be given credit for the period spent in presentence confinement against any sentence finally
imposed for that offense."

(which was never charged in Bernalillo County Metropolitan Court or District Court until the 7/11/96 Indictment . . . ."). <u>Ex. N at 2</u>.

11.   The state court further noted that Petitioner received the "GREAT benefit of doubt" by granting him, over the state's objection, presentence confinement credit from the filing of the Indictment in July 1996 instead of from late September or early October 1996 when the detainer was issued for the Bernalillo County charges. <u>Ex. N at 3</u>.

12.   Petitioner will not be entitled to habeas relief unless he can establish that a habeas claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).  Further, "a determination of a factual issue made by a State court shall be presumed to be correct."  That presumption of correctness is rebuttable only "by clear and convincing evidence."  28 U.S.C. §  2254(e)(1); <u>Pickens v. Gibson</u>, 206 F.3d 988, 993 (10th Cir.2000).

13.   In this case, the state court concluded that Petitioner was "not entitled to credit against his parole term in the Bernalillo County case for the time he allegedly was serving on Parole in prison on his Valencia county case." <u>Ex. N at 5</u>.

14.   For the several reasons discussed above, relief should be denied on this issue.

**Second Ground - Rule 5-604**

15.  Petitioner alleges that his due process rights were violated on a claimed violation of NMRA 2000, Rule 5-604, because he did not receive a preliminary hearing when he was arrested and charged, and thus was entitled to additional presentence confinement credit.  Rule 5-604

governs arraignment and the start of trial.

16.  Petitioner was not arraigned on the Bernalillo County charges until July 10, 1996, when he was indicted by a grand jury.  However, Petitioner pled guilty to those charges and by the terms of the plea agreement, has thus waived the right to assert such claims as not being arraigned or taken to trial in a timely fashion under Rule 5-604.[3]  See U.S. v. Browning, 61 F.3d 752, 753 (10th Cir.1995) (when petitioner voluntarily entered a guilty plea to the indictment, he waived all non-jurisdictional defenses, including his defective indictment claim); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

17. Petitioner's plea agreement also contains specific waiver provisions.  It states that he waives his rights "under the rules governing time of commencement of trial until the agreement is either accepted or rejected by the court," that he "gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement" and also that he waives his right to appeal as long as the court's sentence is imposed "according to the terms of this agreement."  Ex. I at 4.

---

[3]  Petitioner was charged with the Bernalillo County charges on July 1, 1996 (while he was still serving a sentence on the Valencia County conviction).  The Indictment was filed on or about July 10, 1996, and Petitioner was arrested or detained on these charges sometime in "late October or early October 1996."  Ans., Ex. N at 3.  He was arraigned on October 28, 1996, after which he was returned to prison to continue serving his sentence on the unrelated Valencia County case.

Rule 5-604 requires that a defendant be arraigned on the "information or indictment within fifteen (15) days after the date of the filing of the information or indictment or the date of arrest, whichever is later."  Rule 5-604A.

5

18.  Petitioner does not challenge the voluntariness of the plea or otherwise assert that his sentence was not in accord with the plea agreement.  Therefore, he has waived the right to assert any claim of the state's six-month rule violation.  Further, as a state statute, the claim would not be reviewable in this court unless the violation reached federal constitutional proportions, which it does not.

19.  Relief on this ground should also be denied.

**Recommendation**

I recommend that Respondents' Motion to Dismiss **[docket # 10]** be GRANTED, that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE